FRANCISCO MARCHÁN SICARDÓ ET AL., Plaintiffs and Appellees, v. BERNARDO FERNÁNDEZ PORRERO, Defendant and Appellant.

No. 6243.   Argued May 18, 1935.—Decided June 26, 1935.

*Wilson P. Colberg* for appellant.   *Dubón & Ochoteco* for the appellee Martínez Llonín.

MR. JUSTICE ALDREY delivered the opinion of the court.

Bernardo Fernández Porrero, who, upon his death, was substituted by his widow and his heirs, acquired by assignment a judgment credit against José Martínez Llonín, and when the sale of the defendant's property in execution of the judgment was advertised, a stay of execution was granted by the District Court of San Juan.   Such stay of execution has given rise to the present appeal.

The appellant has not filed his brief in this appeal, but in another appeal, No. 6408, that was pending in this court and involved the same parties, the litigants agreed, with the approval of this court, that the brief filed in the second appeal should serve for both appeals.   Indeed, one of the grounds

of error urged by the appellant in the other appeal is the stay of execution. The appellees filed no brief in the second appeal, numbered 6408, because they moved for and obtained the dismissal of that appeal. As to the present appeal, numbered 6234, the hearing thereof was held on March 7 of the present year, upon a stipulation of the parties that the appellees then might file their brief within twenty days, but they have not filed it, in spite of the various extensions of time granted to them, the last of which expired on the 15th of the present month.

In the other case, numbered 6408, which was No. 4585 in the lower court, the appeal was taken because the district court, at the instance of the defendant Martínez Llonín, had appointed a receiver to take possession of certain property and keep it in his custody until a certain appeal was decided. As a consequence of such appointment of a receiver, and on motion of Martínez Llonín, judgment debtor, the court ordered a stay of the auction at which part of that property was to be sold to satisfy the judgment.

It is not a question to be decided now whether or not the appointment of a receiver was proper, because that was the question in the other appeal, which was dismissed. The only question involved in the present appeal is whether the lower court erred in ordering a stay of the advertised auction at which property was to be sold to satisfy a final judgment.

To obtain such stay, Martínez Llonín alleged the said appointment of a receiver; that the marshal had attached part of the property included in the receivership, and that the sale thereof would hinder the receiver's possession and preservation of the same and would interfere with the jurisdiction of the court over said property. On the same day that that motion was filed, the district court, for the reasons stated in the motion and without hearing the opposite party, ordered the stay of the execution to which we have referred, until the further order of this court.

Where after a property has been attached to secure the effectiveness of a judgment, the latter is rendered and becomes final *(firme)*, the sale of the property in execution of such judgment can not be stayed merely by reason of the appointment of a receiver to administer said property. By the weight of authority, the appointment of a receiver for the defendant in a pending action does not divest a lien which the plaintiff has secured or prevent him from proceeding to enforce or foreclose it. 23 R.C.L. 49, par. 51, note 16. In truth, no legal ground existed for staying the sale in execution of the judgment, rendered before the appointment of the receiver.

The decision appealed from must be reversed.